either of two interpretations of the evidence, the verdict cannot be impeached by showing that a part of the jury proceeded upon one interpretation and a part upon the other." These cases do not apply, for the reason that therein it will be found that a general verdict was rendered. Here the jury had specific questions submitted to them. The jury first returned a finding to a specific question that there was negligent operation of the car, although, as shown, some of the jurors discredited the driver's testimony. Thereafter they returned the finding to a specific question that there was negligence in failure to supply an efficient brake. As pointed out in the opinion, this court is thus left in doubt as to the ground upon which liability was in fact predicated. The finding as to the defective brake is, as stated, against the weight of evidence. On the subject of the negligent operation of the car, it appears, from the course the trial took, that when the jury affirmatively answered this question (for only the second and third questions were returned to them), some of them had "decided to throw out practically" his testimony. But without his testimony there was insufficient upon which to base this finding. This fact could have been more clearly emphasized in our opinion.

The remaining misstatements of fact and law alleged are trivial. Thus it is objected that the court stated that the testimony of the driver alone supported the theory of the defective brake, and yet also stated that Harrison's testimony was "apparently" in corroboration of the driver. Without the testimony of the driver, Harrison's testimony would have no reference to a defective brake; for he simply said that the car did not stop at once when the brake was applied. It was the driver who said the brake was defective; and, if he is believed, this throws light on Harrison's statement. The sentence criticised should be changed so as to read: "This testimony [of the driver] if credited, would tend to explain the testimony of Harrison." Another objection is that the court did not accurately state what was said by the trial justice. The latter had remarked that the second question was "answered in a manner that has a tendency, upon the part, at least, of some of the jurors, to negative the first proposition, to which they agree." This court stated that the trial justice said that the answer was in a manner that has a tendency to negative the first proposition, to which they agree. If a part of the jury so answered, the jury collectively could not answer differently. However, the exact language of the trial justice may be inserted. The next objection is to the statement that "the jury did not believe the driver"; and it is claimed that the jury, as shown by the final answers returned, did believe the driver, they having found in plaintiff's favor. In the statement made this court was pointing out that there had been a mistrial, because the jury first returned a verdict answering one question in plaintiff's favor and not satisfactorily answering the other questions; and it appeared, as shown by the statement of one of the jurors, that "some of the jury decided to throw out practically the evidence of the driver." This statement of the juror is not limited, and its fair meaning is—particularly in view of the discreditable character of the driver's testimony—that all his testimony was by some of the jurors discarded. It follows that the jury collectively did not, as stated, believe him. The remaining point is that the word "inconsistent," instead of "consistent," is used in the opinion in stating some of the remarks of the trial justice. This, in any event, is no more than an oversight, and the sentence may be corrected. The court earlier in the opinion had shown that the trial justice has said the answer to the first question was "consistent." No material point, therefore, of fact or law, is raised which would in any degree avail the plaintiff upon a reargument. The opinion, however, in the respects indicated, should be corrected. Upon a re-examination of this record, we are confirmed in our view that there was a mistrial, which requires that the judgment should be reversed and a new trial had. The motion for a reargument should accordingly be denied, without costs.

---

In re CULLINAN, State Excise Com'r. (Supreme Court, Appellate Division, Second Department. April 13, 1903.) In the matter of the application of Patrick W. Cullinan, as state commissioner of excise, for an order revoking and canceling liquor tax certificate No. 22,024, issued to M. Strauss, and transferred to Victor Streicher.

PER CURIAM. Order reversed, with $10 costs and disbursements, on opinion in Matter of Cullinan, Certificate of Kray (decided herewith) 81 N. Y. Supp. 567. Order to be settled before Mr. Justice HIRSCHBERG.

---

In re CULLINAN, State Excise Com'r. (Supreme Court, Appellate Division, Second Department. April 13, 1903.) In the matter of the application of Patrick W. Cullinan, as state commissioner of excise, for an order revoking and canceling liquor tax certificate No. 3,562, issued to Edward Kojan, and transferred to Victor Streicher.

PER CURIAM. Order reversed, with $10 costs and disbursements, on opinion in Matter of Cullinan, Certificate of Kray (decided herewith) 81 N. Y. Supp. 567. Order to be settled before Mr. Justice HIRSCHBERG.

---

In re CULLINAN, State Excise Com'r. (Supreme Court, Appellate Division, Second Department. April 13, 1903.) In the matter of the application of Patrick W. Cullinan, as state commissioner of excise, for an order revoking and canceling liquor tax certificate No. 3,568, issued to William W. Jacobs, and transferred to Victor Streicher.

PER CURIAM. Order reversed, with $10 costs and disbursements, on opinion in Matter of Cullinan, Certificate of Kray (decided herewith) 81 N. Y. Supp. 567. Order to be settled before Mr. Justice HIRSCHBERG.

---

In re CULLINAN, State Excise Com'r. (Supreme Court, Appellate Division, Second Department. April 13, 1903.) In the matter of the application of Patrick W. Cullinan, as state commissioner of excise, for an order revoking and canceling liquor tax certificate No. 3,619,

issued to William Johnson, and transferred to Victor Streicher.

PER CURIAM. Order reversed, with $10 costs and disbursements, on opinion in Matter of Cullinan, Certificate of Kray (decided herewith) 81 N. Y. Supp. 567. Order to be settled before Mr. Justice HIRSCHBERG.

In re CULLINAN, State Excise Com'r. (Supreme Court, Appellate Division, Second Department. April 13, 1903.) In the matter of the application of Patrick W. Cullinan, as state commissioner of excise, for an order revoking and canceling liquor tax certificate No. 3,609, issued to George Arkenan.

PER CURIAM. Order reversed, with $10 costs and disbursements, on opinion in Matter of Cullinan, Certificate of Kray (decided herewith) 81 N. Y. Supp. 567. Order to be settled before Mr. Justice HIRSCHBERG.

In re CULLINAN, State Excise Com'r. (Supreme Court, Appellate Division, Second Department. April 13, 1903.) In the matter of the application of Patrick W. Cullinan, as state commissioner of excise, for an order revoking and canceling liquor tax certificate No. 3,613, issued to Henry Koster.

PER CURIAM. Order reversed, with $10 costs and disbursements, on opinion in Matter of Cullinan, Certificate of Kray (decided herewith) 81 N. Y. Supp. 567. Order to be settled before Mr. Justice HIRSCHBERG.

CULLINAN v. WALDRON et al. (Supreme Court, Appellate Division, First Department. April 24, 1903.) Action by Patrick W. Cullinan against Edward Waldron and another. No opinion. Motion granted, so far as to dismiss appeal, with $10 costs.

CULVER, Respondent, v. CITY OF YONKERS, Appellant. (Supreme Court, Appellate Division, Second Department. April 24, 1903.) Action by Hannah J. Culver against the city of Yonkers. No opinion. Motion denied, with $10 costs.

DAVENPORT, Respondent, v. FICKEN, Appellant. (Supreme Court, Appellate Division, Second Department. March 6, 1902.) Action by Henry B. Davenport against Richard Ficken. No opinion. Judgment and order affirmed, with costs.

In re DAVIS. (Supreme Court, Appellate Division, Third Department. May 6, 1903.) In the matter of the petition of George S. Davis for an order revoking and canceling liquor tax certificate No. 30,280, issued to De Witt C. Judson. No opinion. Order unanimously affirmed, with costs.

DAVIS, Respondent, v. SUPREME COUNCIL, A. L. H., Appellant. (Supreme Court, Appellate Division, Second Department. April 24, 1903.) Action by Mary A. Davis against the Supreme Council, American Legion of Honor. No opinion. Judgment reversed on argument, and new trial granted; costs to abide the final award of costs.

DAVIS, Appellant, v. WALTERS, Respondent. (Supreme Court, Appellate Division, Fourth Department. March 24, 1903.) Action by Nelson Davis against William Walters.

PER CURIAM. Judgment and order of county court reversed, with costs, and judgment of justice's court affirmed, with costs. Held, that the evidence in justice's court was amply sufficient to sustain the verdict of the jury.

DEVANEY, Respondent, v. DEGNON-McLEAN CONST. CO., Appellant. (Supreme Court, Appellate Division, Second Department. March 6, 1903.) Action by Bartholomew Devaney against the Degnon-McLean Construction Company. No opinion. Motion denied.

DIEBOLD v. WALTER et al. (Supreme Court, Appellate Division, First Department. April 24, 1903.) Action by Louise Diebold against Anna Walter and others. No opinion. Motion denied.

DI MARCO, Appellant, v. PAPIETT, Respondent. (Supreme Court, Appellate Division, Second Department. March 20, 1903.) Action by Domenico Di Marco against Joseph W. Papiett. No opinion. Order affirmed, with $10 costs and disbursements.

DINEEN, Appellant, v. HUGHES, Respondent. (Supreme Court, Appellate Division, Second Department. April 24, 1903.) Action by Bridget Dineen against Nicholas J. Hughes. No opinion. Order setting aside verdict and granting new trial affirmed, with costs.

DOHERTY, Respondent, v. ONEITA KNITTING MILL, Appellant. (Supreme Court, Appellate Division, Fourth Department. March 24, 1903.) Action by Michael Doherty against the Oneita Knitting Mill.

PER CURIAM. Judgment and order reversed, with costs to the appellant to abide event. Held, that the plaintiff was to be charged with knowledge of the location and character of defendant's fan; also, held, that it was contrary to the evidence for the jury to find, as it must have done, that plaintiff did not know that the fan was or might be in motion at the time of the accident, and to find that he was free from contributory negligence in coming in contact with the same.

DOLFINI, Respondent, v. ERIE R. CO., Appellant. (Supreme Court, Appellate Division, Second Department. April 13, 1903.) Action by Peter D. Dolfini against the Erie Railroad Company.

PER CURIAM. Judgment and order affirmed, with costs.

WOODWARD, J., dissents.

DONNELLY, Appellant, v. CITY OF NEW YORK, Respondent. (Supreme Court, Appellate Division, First Department. March 6, 1903.) Action by Anne Donnelly against the city of New York. D. F. Kiely, for appellant. T. Connoly, for respondent. No opinion. Order affirmed, with costs.